**J. Leonard SPODEK (doing business as Nationwide Postal Management), Appellant,**

v.

**John E. POTTER, Postmaster General, United States Postal Service, Appellee.**

**No. 01–1649.**

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 7, 2002.

Before RADER, BRYSON, and DYK, Circuit Judges.

## DECISION

### PER CURIAM.

Petitioner J. Leonard Spodek seeks review of the April 11, 2001, decision of the Postal Service Board of Contract Appeals denying his claim for entitlement in PSBCA No. 4266. We *affirm.*

## BACKGROUND

On June 15, 1965, Mr. Spodek's predecessor-in-interest leased the Northside Station Post Office in Tulsa, Oklahoma, to the Post Office Department (now the United States Postal Service) for a period of 20 years. The Postal Service subsequently extended the lease by signing three five-year renewals. Mr. Spodek assumed responsibility for the lease when he purchased the property on December 18, 1996.

The lease provides, in relevant part:

6. The Lessor shall ... furnish air conditioning equipment of sufficient size and capacity, maintenance of said equipment, including but not limited to the necessary refrigerant and filters, to maintain temperature within the building of 78 degrees F. to 82 degrees F., dry bulb, and 45 to 50 percent relative humidity in all areas based on the design temperature commonly in use in the locality.

\* \* \* \* \* \*

7. The Lessor shall, unless herein specified to the contrary maintain the desired premises, including the building and any and all equipment, fixtures, and appurtenances, whether severable or non-severable, furnished by the Lessor under this lease in good repair and tenantable condition, except in case of damage arising from the act or the negligence of the Government's agents or employees.

In May of 1998, the air conditioning unit at the Northside Station failed. The Postal Service contacted Mr. Spodek and requested that he repair the unit. When Mr. Spodek disclaimed responsibility for the repairs, the Postal Service engaged a third party to perform the work. The contracting officer then awarded the Postal Service the cost of the repair, $628, plus the administrative costs incurred in awarding and administering the third-party contract.

Mr. Spodek appealed that award to the Postal Service Board of Contract Appeals. The Board denied relief, finding that the plain language of the lease agreement obligated Mr. Spodek to make the repairs, and that Mr. Spodek failed to offer any proof to support his contention that the Postal Service had altered the air conditioning equipment at the Northside Station and had thereby relieved him of his responsibility for maintenance of the equipment. Mr. Spodek moved for reconsideration, and the Board denied the motion in a brief supplemental opinion. The Board stated that even if it was true that the air conditioning unit at the Northside Station was replaced in 1989, as Mr. Spodek contended, he had failed to show that the replacement of the equipment relieved him of the responsibility under the lease to maintain the air conditioning unit at the leased facility. This appeal followed.

## DISCUSSION

Mr. Spodek's sole argument on appeal is that the Board erred in construing the lease agreement to require him to maintain an air conditioning unit other than the one that was installed at the Northside Station at the time the original lease was signed in 1965. According to Mr. Spodek, the reference to the maintenance of "said" air conditioning equipment in paragraph six of the lease makes clear that his repair

obligations extend only to the original air conditioning unit and not to any replacement unit. Mr. Spodek contends that the Postal Service installed a new air conditioning unit at the Nothside Station in 1989 and that he is not responsible for the disputed repair costs, which relate to the repair of the new unit.

The Board rejected Mr. Spodek's interpretation of the lease, and so do we. As the Board noted, the lease required Mr. Spodek to maintain the air conditioning unit at the leased facility, and he has failed to provide any ground for concluding that the replacement of the unit relieved him of that obligation. The lease obligated the lessor to "furnish air conditioning equipment of sufficient size and capacity, maintenance of said equipment, including but not limited to the necessary refrigerant and filters." This passage imposes a continuing obligation to provide air conditioning services to the leased facility, including furnishing appropriate equipment and maintaining it. That obligation is not limited to the equipment provided at the outset of the lease. Mr. Spodek alleges that his obligation under the lease changed in 1989 when the Postal Service, not the lessor, paid for the replacement of the air conditioning system. We fail to see the relevance of that assertion. Even if the Postal Service did pay for the replacement air conditioning unit, the lessor still has an obligation to maintain that unit, absent evidence that the installation of the new unit was unnecessary or that the new unit was of a sort that had maintenance requirements far exceeding the ordinary maintenance services contemplated in the lease. Mr. Spodek introduced no such evidence. We therefore affirm the decision of the Board.